IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| vs. | : | |
| GUSTAVO FERNANDEZ | : | NO. 99-256-03 |

### MEMORANDUM AND ORDER

### O R D E R

**AND NOW**, this 4th day of September, 2007, upon consideration of *pro se* defendant's Motion for Immediate Deportation (Document No. 379, filed August 13, 2007), and the Government's Response in Opposition (Document No. 382, filed August 31, 2007)  **IT IS ORDERED** that *pro se* defendant's Motion for Immediate Deportation is **DENIED WITH PREJUDICE**.

### MEMORANDUM

Petitioner, Gustavo Fernandez, moves the Court to order his immediate removal to his native country, the Dominican Republic, notwithstanding the fact that he is currently serving a sentence, *inter alia*, of 96 months based on a 2002 felony conviction for conspiracy to possess with intent to distribute heroin and cocaine base ("crack").  The Court concludes that the statutes on which petitioner rely do not provide a private right of action to seek removal under the circumstances presented in this case.  To the contrary, under the applicable statutes, such a decision is within the sole authority and discretion of the Attorney General of the United States.

### I.   BACKGROUND

Petitioner pled guilty to one count of conspiracy to possess with intent to distribute heroin and cocaine base ("crack") on January 29, 2002.  On June 3, 2004, he was sentenced, *inter alia*,

to 96 months incarceration. He is currently serving that sentence at Reeves Correctional Institution, Pecos, Texas; his projected release date is November 12, 2008.

## II. DISCUSSION

Petitioner cites 8 U.S.C. § 1252(h)(2)(A) as authority for his request for immediate deportation and/or removal. That statute, as amended, is currently codified at 8 U.S.C. § 1231(a)(4).

8 U.S.C. § 1231(a)(4)(A) does not give the Attorney General broad authority to "remove an alien" who is sentenced to imprisonment until the alien is released from imprison. However, that statute contains an important exception:

> The Attorney General is authorized to remove an alien in accordance with applicable procedures under this chapter before the alien has completed a sentence of imprisonment–
>
> (I) in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense (other than an offense related to smuggling or harboring of aliens or an offense described in section 1101(a)(43)(B), (C), (E), (I), or (L) of this title) and (II) the removal of the alien is appropriate and in the best interest of the United States;

*Id*. § 1231(a)(4)(B)(I).

Significantly, petitioner does not have standing to enforce this statute. Section 1231(a)(4)(B) "does not create a private right of action that would allow a party to compel the Attorney General to act." *Thye v. United States*, 109 F.3d 127, 129 (2d Cir. 1997). *See Marin-Castaneda*, 134 F.3d 551, 556 (3d Cir. 1998) (affirmatively applying the *Thye* analysis to § 1231(a)(4)(B)). Moreover, as the Court of Appeals for the Third Circuit has stated in

*Marin-Casteneda*, § 1231(a)(4)(B) vests the Attorney General, not the district court, with the authority to curtail a prison sentence for the purpose of deportation. *Id*. at 550.

### III.    CONCLUSION

For all of the foregoing reasons, *pro se* defendant's Motion for Immediate Deportation is denied.

**BY THE COURT:**

<u>/s/ Honorable Jan E. DuBois</u>
**JAN E. DUBOIS, J.**